UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMMERCE CAPITAL, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:05-CV-0700-G |
| THE PRIVATEBANK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of defendant The PrivateBank ("PrivateBank") to dismiss plaintiff Commerce Capital, L.P. ("Commerce Capital")'s petition for declaratory judgment for lack of personal jurisdiction, or, alternatively, for failure to join a party, or, alternatively, for improper venue. For the reasons discussed below, PrivateBank's motion is denied.

### I. BACKGROUND

Commerce Capital and PrivateBank each entered into loan agreements with Open Systems Group, Inc. ("Open Systems"). Plaintiff's Original Petition for

Declaratory Judgment ("Petition") ¶ 7, *attached to* Notice of Removal; Affidavit of Charles W. Davis ("Davis Affidavit") ¶ 9, *attached to* Appendix in Support of Defendant The PrivateBank's Motions to Dismiss ("PrivateBank's Appendix") at 2. PrivateBank obtained a guaranty from Para-Docs LLC ("Para-Docs") for its loan to Open Systems. Davis Affidavit ¶ 10.

Commerce Capital filed a UCC-1 Financing Statement in Texas regarding its security interest in certain collateral of Open Systems. Petition ¶ 10. Commerce Capital also entered into a subordination agreement with PrivateBank, in which PrivateBank agreed that its security interest in Open Systems' collateral, with the sole exception of equipment, would be subordinated to the security interest of Commerce Capital. *Id*. ¶ 11; Davis Affidavit ¶ 12. Open Systems subsequently defaulted on both loans. Petition ¶ 12; Davis Affidavit ¶ 9. After providing notice to PrivateBank, Commerce Capital conducted a private sale of Open Systems' collateral, not including its equipment. Petition ¶ 15.

Commerce Capital filed a petition for declaratory judgment in the 193rd District Court of Dallas County, Texas on March 14, 2005, seeking a declaration that its security interest in Open Systems' collateral and equipment has priority over any security interest held by PrivateBank. *Id*. ¶¶ 18, 19; Notice of Removal ¶ 1. PrivateBank removed the action to this court on April 11, 2005. *See generally* Notice of Removal. PrivateBank filed the instant motion to dismiss on April 11, 2005. *See*

*generally* Defendant The PrivateBank's Motions to Dismiss with Supporting Brief ("PrivateBank's Motion to Dismiss").

## II.  ANALYSIS

PrivateBank seeks dismissal of Commerce Capital's request for declaratory relief on three grounds:  (1) lack of personal jurisdiction over PrivateBank; (2) failure to join parties necessary for just adjudication; and (3) improper venue.

### A.  Personal Jurisdiction

#### 1. *The Factual Standard:  A Prima Facie Case*

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir. 1999).  If the district court chooses to decide the matter without an evidentiary hearing, the plaintiff may meet its burden by presenting a *prima facie* case for personal jurisdiction. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592.

The court will take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in favor of the plaintiff. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592.  In making its determination, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods. *Allred v. Moore &*

*Peterson*, 117 F.3d 278, 281(5th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998); *Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165 (5th Cir. 1985).

2.  *The Legal Standard*

A federal district court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002); see also *J.R. Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 869 (5th Cir. 2000). Applying state law, this court must first determine whether Texas, the forum state, could assert long-arm jurisdiction. *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984). Because the Texas long-arm statute confers jurisdiction to the limits of the federal constitution, *Access Telecom, Inc. v. MCI Telecommunications Corporation*, 197 F.3d 694, 716 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000); *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984), the court need only concern itself with the federal due process inquiry. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Ruston Gas Turbines, Inc. v. Donaldson Company, Inc.*, 9 F.3d 415, 418 (5th Cir. 1993); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17. 041, *et seq*. (Vernon 1997) (Texas long-arm statute).

3.  *Due Process Requirements*

Due process requires the satisfaction of two elements to exercise personal jurisdiction over a nonresident defendant: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on its part such that the nonresident defendant could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-77 (1985). The Due Process Clause ensures that persons have a "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Id.* at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

a.  Minimum Contacts

To establish minimum contacts, a nonresident defendant must do some act by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *International Shoe Company v. Washington*, 326 U.S. 310, 319 (1945)); see also *Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). The unilateral activity of one asserting a relationship with the nonresident defendant does not satisfy this requirement. *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 298 (1980) (quoting

*Hanson*, 357 U.S. at 253). In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has considered whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *Shaffer*, 433 U.S. at 203; *Quill Corporation v. North Dakota*, 504 U.S. 298, 307 (1992).

Minimum contacts can be sufficient to establish two types of *in personam* jurisdiction over a nonresident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if the cause of action is related to, or arises out of, the nonresident defendant's contacts with the forum state and those contacts meet the due process standard. *Stripling*, 234 F.3d at 871 (quotations and citations omitted). "Specific jurisdiction over a nonresident corporation is appropriate when that corporation has purposefully directed its activities at the forum state and the 'litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Alpine View Company Limited v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Burger King*, 471 U.S. at 472; *Helicopteros*, 466 U.S. at 414). General jurisdiction, on the other hand, may be found when the claim is unrelated to the nonresident's contacts with the forum, but where those contacts are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984); *Alpine View*, 205 F.3d at 215.

Under either a specific or general jurisdiction analysis, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *International Shoe*, 326 U.S. at 316). The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (citations omitted). A plaintiff must establish a substantial connection between the nonresident defendant and the forum state. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992). "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the *quality and nature* of the activity with relation to the forum state." *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982) (emphasis added); see also *Coats v. Penrod Drilling Corporation,* 5 F.3d 877, 884 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994).

This court has specific personal jurisdiction over PrivateBank because of its contacts with Open Systems, a Texas corporation, out of which this litigation arises. The Fifth Circuit has stated that a district court has specific jurisdiction over a nonresident corporation when that corporation has purposefully directed its activities

at the forum state and the litigation arises out of or relates to those activities. *Alpine View*, 205 F.3d at 215. This test does not specifically require that the activities be directed to the *plaintiff* in the forum state but considers *any* activities from which the litigation arises.[*] Accordingly, minimum contacts are established if PrivateBank directed its activities at Open Systems in Texas, and the litigation at issue arises from those activities.

The existence of two types of contact between PrivateBank and the state of Texas indicates that this court has specific personal jurisdiction over PrivateBank. First, by lending money to Open Systems, a Texas corporation, PrivateBank purposefully directed its activities at Texas. Second, PrivateBank communicated with Open Systems in Texas at various times regarding the loan. PrivateBank purposefully made contact, through its attorneys, with Open Systems in Texas by sending a demand letter to Open Systems' Irving, Texas office. PrivateBank's Appendix at 30-31. Further, Eric Ewen, the Vice President of Client Services of Open Systems and its former President, who does business from Open Systems' office in Irving, Texas, was

---

  \* A similar test has been developed in the Ninth Circuit. That court has adopted a "but for" test to determine whether a particular claim arises out of forum-related activities, asking the question, but for the defendant's contacts with the forum state, would the claim at issue have arisen? *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). One district court within this circuit has used this test to determine whether a claim arises out of forum-related activities in order to establish personal jurisdiction. See, *e.g.*, *National Union Fire Insurance Company of Pittsburgh, PA v. American Pipe Fabricators, Inc.*, No. Civ. A. 04-2755, 2005 WL 1155858, *4 (E.D. La. May 10, 2005).

contacted by PrivateBank on numerous occasions concerning Open Systems' indebtedness to PrivateBank. Appendix in Support of Plaintiff Commerce Capital, L.P.'s Brief in Response to Defendant's Motion to Dismiss at 5-10, 12-24. Such remote communication, as opposed to actual physical contact, has previously been held sufficient to establish minimum contacts. In *Lewis v. Fresne*, 252 F.3d 352 (5th Cir. 2001), the Fifth Circuit held that phone calls made by a non-resident defendant to a party in Texas were sufficient to establish minimum contacts with Texas. *Lewis*, 252 F.3d at 358. Together, these activities represent PrivateBank's purposeful availment of doing business in Texas. This case arises out of these activities, as any claim PrivateBank has in the collateral and equipment at issue arises from its loan to Open Systems and Open Systems' subsequent default.

### b. Fair Play and Substantial Justice

The due process inquiry limits the court's power to exercise personal jurisdiction over a nonresident if the exercise of jurisdiction under the circumstances would offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In determining whether the exercise of jurisdiction violates traditional notions of fair play and substantial justice, the court evaluates the following factors: (1) the burden on the defendant by having to litigate in the forum; (2) the forum state's interests in the lawsuit; (3) the plaintiff's interests in convenient and effective relief; (4) the

judicial system's interest in efficient resolution of controversies; and (5) the shared interest of states in furthering fundamental social policies. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citing *Ruston Gas*, 9 F.3d at 421); *World-Wide Volkswagen*, 444 U.S. at 292. It is PrivateBank's burden to show that, in light of these factors, conducting litigation in this court would be "so gravely difficult and inconvenient" that it would be at a "severe disadvantage" in comparison to Commerce Capital. *Burger King*, 471 U.S. at 478 (citations omitted).

Although PrivateBank alleges that subjecting it to personal jurisdiction in Texas would not comport with traditional notions of fair play and substantial justice, its only support for this contention is that it lacks minimum contacts with the State of Texas. PrivateBank's Motion to Dismiss at 7. The burdens PrivateBank would potentially face in this court are no more onerous than those that every nonresident defendant faces when litigating outside its home state, and there is no indication that litigating this dispute in Texas would place PrivateBank at a "severe disadvantage" relative to Commerce Capital. Accordingly, conducting the litigation in this court does not offend traditional notions of fair play and substantial justice. PrivateBank's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is denied.

### B. Failure to Join Necessary Parties

PrivateBank also moves to dismiss Commerce Capital's suit for failure to join a party under Rule 19 of the Federal Rules of Civil Procedure.  PrivateBank's Motion to Dismiss at 8-10.

Rule 19(a) provides for the joinder of all persons whose presence is required for the fair and complete resolution of the lawsuit.  A person's presence is required if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).  Rule 19(b) provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined, stating that "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable."  FED. R. CIV. P. 19(b).  In making this determination, the court should consider the following factors:

> [F]irst, to what extent a judgment rendered in the person's absence would be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence

> will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id*. Thus analyzing a motion to dismiss under Rule 12(b)(7) entails two sequential inquiries under Rule 19:

> The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit.  If joinder is warranted, then the person will be brought into the lawsuit.  But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation.

*HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003).

PrivateBank seeks to dismiss Commerce Capital's complaint for failure to join Open Systems and Para-Docs, both of which PrivateBank claims should be joined for two reasons.  First, Open Systems and Para-Docs own the collateral that is the subject of Commerce Capital's request for declaratory relief, so they have interests relating to the subject of the action, and their ability to protect those interests would be impaired in their absence.  PrivateBank's Motion to Dismiss at 9-10.  Second, separate lawsuits would leave the parties subject to a substantial risk of inconsistent obligations.  *Id.* at 10.

These claims are unfounded, as Commerce Capital requests that the court make declarations about the priority of its security interest in Open Systems' collateral and equipment over any security interest that PrivateBank holds.  Petition ¶¶ 18, 19.  The requested declarations concern only the relative, and not absolute,

- 12 -

rights of Commerce Capital and PrivateBank, so complete relief can be accorded to the parties in the absence of any other persons.  FED. R. CIV. P. 19(a)(1).  Furthermore, although Open Systems and Para-Docs may have interests in the collateral and equipment, a ruling on the relative security interests between Commerce Capital and PrivateBank would not affect the ability of the excluded parties to protect their own interests in them.  FED. R. CIV. P. 19(a)(2)(i); see *HS Resources*, 327 F.3d at 439 (citing *Hilton v. Atlantic Refining Company*, 327 F.2d 217, 219 (5th Cir. 1964)) (holding that joinder is "not required unless the judgment 'effectively precludes [the excluded parties] from enforcing their rights and they are injuriously affected by the judgment.'").  Finally, Commerce Capital and PrivateBank would not be subject to inconsistent obligations if the suit proceeds without Open Systems and Para-Docs because a ruling on this suit would affect neither the rights of the excluded parties to the collateral nor the relative rights between these parties and Commerce Capital or PrivateBank.  FED. R. CIV. P. 19(a)(2)(ii).  Accordingly, joinder of Open Systems and Para-Docs is not required, and PrivateBank's motion to dismiss for failure to join a party under Rule 12(b)(7) is denied.

### C.  Improper Venue

Lastly, PrivateBank moves to dismiss for improper venue.  FED. R. CIV. P. 12(b)(3).  For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the

time the action is commenced." 28 U.S.C.A. § 1391(c). As set forth above, this court has personal jurisdiction over PrivateBank, which makes venue in this district proper. Consequently, PrivateBank's motion to dismiss for improper venue under Rule 12(b)(3) is denied.

### III.  CONCLUSION

For the reasons discussed above, PrivateBank's motion to dismiss is **DENIED**.

**SO ORDERED**.

June 30, 2005.

_____
A. JOE FISH
CHIEF JUDGE